UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT A. WITZKE,

       Plaintiff

v.

RUSS MARLAN, ALEX J.
SMITH, and EBONY M.
PULLINS-GOVANTES,

       Defendants.

_____/

Case No. 2:16-13753
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION (DE 31, DE 38) and PLAINTIFF'S MOTION TO WITHDRAW HIS INJUNCTIVE RELIEF CLAIMS ON MOOTNESS GROUNDS (DE 57)**

**I.     RECOMMENDATION**: The Court should **(a)** grant Plaintiff's February 13, 2018 motion to withdraw his injunctive relief claims on mootness grounds (DE 57); and, **(b)** accordingly, deem withdrawn his October 3, 2017 motion for preliminary injunction (DE 31), his November 4, 2017 amended motion for preliminary injunction (DE 38), and his requests for injunctive relief within his November 14, 2017 amended complaint (*see*, *e.g.*, DE 47 at 14 ¶¶ C, D).

**II.     REPORT**

    **A.     Introduction and Pending Dispositive Motions**

Plaintiff Scott Andrew Witzke filed this lawsuit on October 21, 2016, at which time he was "a parolee under the jurisdiction of the Michigan Department of Corrections . . . ." (DE 1 at 2 ¶ 3.) He filed an amended/supplemental complaint on November 14, 2017, wherein he seeks various forms of declaratory, injunctive, compensatory and punitive relief. (DE 47 at 13-15 ¶¶ A-J.)

Judge Tarnow has referred this case to me for all pretrial proceedings. Currently before the Court are:

- Plaintiff's October 3, 2017 motion for preliminary injunction (DE 31), regarding which a response (DE 41), a reply (DE 42), and supplements (DEs 49, 50) have been filed.

- Plaintiff's November 4, 2017 amended motion for preliminary injunction (DE 38), regarding which a response (DE 43) and supplements (DEs 49, 50) have been filed.

On November 17, 2017, I held a hearing on these motions, after which I took them under advisement.

### B.     Plaintiff's Motion to Withdraw

Subsequently, on February 12, 2018, Plaintiff was discharged from the MDOC's jurisdiction. *See* www.michigan.gov/corrections, "Offender Search. The following day, on February 13, 2018, Plaintiff filed a motion to withdraw his injunctive relief claims on mootness grounds. (DE 57.) Plaintiff specifically requests that the Court: **(a)** "**GRANT** the within motion," **(b)** "**DISMISS** Plaintiff's October 3, 2017 Motion for Preliminary Injunction [Doc. No. 31], as

2

amended on November 4, 2017 [Doc. No. 38]," and **(c)** "**DISMISS** all claims for injunctive relief contained within the Amended Complaint [Doc. No. 47]."  (DE 57 at 6.)

Having considered the above, the Court should: **(a)** grant Plaintiff's February 13, 2018 motion to withdraw his injunctive relief claims on mootness grounds (DE 57); and, **(b)** accordingly, deem withdrawn his October 3, 2017 motion for preliminary injunction (DE 31), his November 4, 2017 amended motion for preliminary injunction (DE 38), and his requests for injunctive relief within his November 14, 2017 amended complaint (*see*, *e.g.*, DE 47 at 14 ¶¶ C, D).

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 19, 2018
                                        s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 19, 2018, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti